**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 10-117-DLB**

**DOUGLAS C. BRANDON**                                                                            **PLAINTIFF**

vs.                       **MEMORANDUM OPINION AND ORDER**

**J.C. HOLLAND, WARDEN, FPC ASHLAND**                            **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.    Introduction**

Plaintiff Douglas Brandon, an inmate confined at the Federal Prison Camp in Ashland, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2255 (Doc. # 2). Respondent is the Warden of FPC Ashland. The Court did not issue process in this case pending preliminary screening. Petitioner has also filed motions seeking release from federal custody (Docs. # 3 and 5), a motion to correct his earlier motion for release (Doc. # 4), and a most recent motion for expedited consideration of his petition and a hearing on his request for release (Doc. # 8).[1] Having reviewed the petition and motions, the Court denies the relief sought because Petitioner's claims are neither cognizable in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, nor pursuant to 28 U.S.C. § 2255(e).

---

[1] By way of this Memorandum Opinion and Order, the Court **grants** Petitioner's motion for expedited consideration of his petition (Doc. # 8). However, because Petitioner has failed to show that the savings clause contained in 28 U.S.C. § 2255(e) applies to enable him to proceed in this court by way of a § 2241 habeas petition, his request for an expedited hearing (Doc. # 8) is **denied**.

1

**II.     Background**

Petitioner was convicted on June 26, 2003 in the United States District Court for the Southern District of New York of one (1) count of conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371, two (2) counts of securities fraud in violation of 15 U.S.C. § 78j(b) & 78ff, and 17 C.F.R. § 240.10b-5, and four (4) counts of wire fraud in violation of 18 U.S.C. § 1343 and 1346.  On June 1, 2005, Petitioner was sentenced to concurrent terms of ninety-seven months on the securities fraud counts, and sixty months on the conspiracy and wire fraud counts, to run concurrently with the other counts, for a total sentence of ninety-seven months (*Id.*)  Petitioner's conviction was affirmed by the Second Circuit Court of Appeals on April 23, 2008.  *See United States v. Rittweger*, 524 F.3d 171, 178 (2d Cir. 2008) (Sotomayor, J.), *cert. denied*, 129 S.Ct. 1391 (2009).

Thereafter, Petitioner filed a post-conviction challenge to his conviction in the Southern District of New York by filing a motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  On August 26, 2010, Petitioner filed a supplement to his § 2255 motion wherein he raises the identical *Skilling* issues raised in his § 2241 habeas petition filed in this court.  A copy of that supplement is attached hereto as an appendix.  Petitioner's § 2255 motion and supplement remain pending in that Court.

In his petition, Petitioner raises a number of challenges which can only be characterized as collateral challenges to the veracity of the evidence used against him at trial in New York.  Those challenges include questions about the credibility of Richard Blech, including allegations in a Dutch lawsuit filed by Blech wherein he apparently recants much of his trial testimony.  At pages 6 and 7 of his Verified Petition, Petitioner acknowledges raising the same credibility issues in his § 2255 motion as in his instant

petition.  A review of the § 2255 motion and Petitioner's reply brief confirm that fact.

Petitioner also alleges in his Verified Petition that the Supreme Court's recent decision in *Skilling v. United States*, 130 S.Ct. 2896 (2010) "exonerates [him] as a matter of law because there was no honest service fraud on [his] part."  As previously indicated, Petitioner has also raised that identical issue in his supplement to his § 2255 motion in the Southern District of New York.

### III.  Analysis

It is well settled that a federal inmate must challenge the legality of his conviction and/or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court.  *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003).  In this case, Petitioner has filed such a motion as well as a supplement to that motion with the trial court.  Both the fully ripe motion and supplement are pending before that court.  Although petitions for writ of habeas corpus filed under 28 U.S.C. § 2241 are typically used to challenge the execution of inmate's sentence, a federal prisoner may file a petition under § 2241 to challenge the legality of his conviction and sentence if he can satisfy the mandates of the savings clause of § 2255.

The savings clause of § 2255 provides a narrow exception to the general rule and permits a prisoner to challenge the legality of his conviction through a § 2241 habeas petition where his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention.  Petitioner bears the burden of showing that his remedy under § 2255 is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  Petitioner cannot make the required showing here.

First and foremost, Petitioner has a pending, ripe § 2255 motion in the trial court wherein he has raised the very same issues he is attempting to raise in this court via § 2241. The fact that the motion and supplement are pending does not make his remedy under § 2255 inadequate or ineffective. Secondly, because the presiding trial judge in the Southern District of New York is intimately familiar with the trial testimony Petitioner alleges has been eviscerated due to Mr. Blech's recent alleged recantation, principles of comity and judicial economy dictate his challenge be heard by that court.

The only recognized situation in the Sixth Circuit where a prisoner may take advantage of the savings clause in § 2255(e) is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). The Fifth Circuit has also recognized this actual innocence exception. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005) (the savings clause in § 2255 applies to a claim of actual innocence (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion).

At first blush this actual innocence exception would seem to provide Petitioner an opportunity to utilize the savings clause set forth in § 2255(e) to challenge his conviction via his § 2241 habeas petition. However, Petitioner conveniently ignores the fact that he

4

has the very same challenge pending in the trial court in the Southern District of New York. Petitioner also would have the Court ignore the fact that he was also convicted of two substantive counts of securities fraud which do not appear to be impacted in any way by the *Skilling* decision.

In *Skilling*, the Supreme Court held that 18 U.S.C. § 1346 (the "honest services" fraud statute) criminalizes only bribery and kickback schemes, i.e., fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling*, 130 S.Ct. at 2933. In this case, in addition to the conspiracy count and four wire fraud counts, Petitioner was also convicted of two securities fraud counts. Thus, while the Supreme Court's holding in *Skilling may* provide a basis for some relief on certain counts, *Skilling* does not appear to provide any relief on the two substantive securities fraud counts.

Having failed to establish that his remedy in the Southern District of New York under § 2255 is inadequate or ineffective, Petitioner's claims do not fall within the savings clause of § 2255(e). Accordingly, Petitioner is not entitled to relief in this Court under § 2241 and his verified petition will be dismissed without prejudice for want of jurisdiction.

Accordingly, **IT IS ORDERED** as follows:

1. The verified petition for writ of habeas corpus (Doc. # 2) be **dismissed** for lack of jurisdiction;

2. The motion for release (Doc. # 3) be, and is hereby **denied**;

3. The corrected motion for release (Doc. # 4) be, and is hereby **denied**;

4. The supplemental motion for immediate release (Doc. # 5) be, and is hereby **denied**; and

5

5. The motion to expedite (Doc. # 8) is **granted** to the extent it requests expedited consideration of the petition, and **denied** to the extent it seeks an expedited hearing.

This 6th day of January, 2011.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\AshCivil\2010\10-117 MOO denying petition.wpd